```
       IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| MICHAEL AGBI | : |
|  | : |
| v. | :  Civil Action No. DKC 25-656 |
|  | : |
| 7 ELEVEN CORPORATE OFFICE, et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Americans with Disabilities Act ("ADA") case is the motion to dismiss filed by Arnav & Aarav Corporation ("A&A") and 7-Eleven, Inc. (collectively, "Defendants").[1] (ECF No. 9). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.  Background**

   **A.  Factual Background[2]**

On the afternoon of February 26, 2025, Michael Agbi ("Plaintiff" or "Mr. Agbi") entered the parking lot of A&A's 7-

---

[1] Plaintiff incorrectly named Defendants in his amended complaint as "7-Eleven Store" and "7-Eleven Coporate [sic] Office," respectively. (ECF No. 4-2, at 1, 3). Despite this error, Defendants were properly served. (ECF Nos. 6; 6-1). Defendants have not moved to amend the case caption to reflect their proper party names. When the court refers to Defendants, it refers to A&A and 7-Eleven, Inc.

[2] All facts are as alleged in the amended complaint or undisputed.

Eleven store located at 3570 Crain Highway, Bowie, Maryland. (ECF Nos. 4, at 1; 9-1 ¶ 3). Needing to use the restroom, Mr. Agbi went inside and asked the cashier where the restroom was. (ECF No. 4, at 1). Mr. Agbi alleges that the cashier told him that there was no restroom. (*Id.*). He then asked why there was no restroom, and the cashier replied that he "should get out." (*Id.*). Mr. Agbi contends that the cashier "shout[ed]" at him, causing him "public embarrassment" and to feel "discriminated" against. (*Id.*). Mr. Agbi did not search for the restroom within the store. (ECF No. 17, at 1). Instead, he proceeded to call the police. (ECF No. 4, at 1). A police officer arrived soon thereafter and issued a case number but took no further action. (*Id.*).[3]

### B. Procedural Background

On February 27, 2025, Plaintiff filed a complaint *pro se* against "7 Eleven Corporate Office" and "7 Eleven Store." (ECF No. 1). In fact, these two entities are Defendants 7-Eleven, Inc. and A&A, respectively. (ECF No. 9, at 1). Plaintiff amended his complaint on March 13, 2025. (ECF No. 4). His amended complaint raises claims on the following bases: (1) "racial

---

[3] Binod Duwadi, owner of the 7-Eleven store, (ECF No. 9-1 ¶ 1), filed correspondence before obtaining counsel, providing a rebuttal of Mr. Agbi's version of events. (ECF No. 7). The court advised him that the corporate entity had to be represented by counsel. (ECF No. 8). That letter recited that the restrooms were being cleaned when Mr. Agbi arrived, and that staff so advised him of that fact.

discrimination"; (2) "shy bladder or paruresis (causing)"; (3) "emotional depression"; (4) "public harassment and assault"; (5) "health risk to bladder"; (6) "noncompliance" with various provisions of state and federal law regarding bathroom access and signage; and (7) "no visible restroom post." (*Id.* at 1–2 (citation modified)).  On April 9, 2025, Defendants moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction.  (ECF No. 9).[4]  On April 29, 2025, Plaintiff filed his opposition to Defendants' motion to dismiss.  (ECF No. 16). On May 12, 2025, Defendant 7-Eleven, Inc. filed its reply to Plaintiff's opposition.  (ECF No. 20).  On May 13, 2025, Defendant A&A filed its reply to Plaintiff's opposition.  (ECF No. 21).  On May 21, 2025, Plaintiff filed a combined sur-reply to Defendants' reply briefs.  (ECF No. 22).

**II.  Standard of Review**

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to [Fed.R.Civ.P.] 12(b)(1) raises the

---

[4] Initially, counsel for A&A, Matthew Angotti, also appeared on behalf of 7-Eleven, Inc. (ECF No. 9, at 3). Mr. Angotti filed this motion to dismiss on behalf of both A&A and 7-Eleven, Inc. (*Id.*). Two days later, counsel for 7-Eleven, Inc., Eric Welter, entered his appearance. (ECF No. 12). The same day, Mr. Angotti moved to withdraw as counsel for 7-Eleven, Inc. (ECF No. 13). The court granted Mr. Angotti's motion. (ECF No. 18). It is unclear whether Mr. Angotti had 7-Eleven, Inc.'s authorization to file the motion to dismiss on 7-Eleven, Inc.'s behalf. Regardless, Mr. Welter has since adopted the motion to dismiss filed on behalf of 7-Eleven, Inc. (ECF No. 15).

question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Demetres v. East West Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). When a defendant facially challenges subject matter jurisdiction in a 12(b)(1) motion to dismiss, as here, "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When considering a 12(b)(1) motion to dismiss, the plaintiff receives "the same procedural protection" as under Fed.R.Civ.P. 12(b)(6). *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)). A plaintiff's complaint must only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the

4

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299–300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff in this case is *pro se*. Courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). The court has an obligation to construe pleadings of self-represented litigants liberally. *Id*. It is not necessary, however, to "conjure up questions never squarely presented," or to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

5

**III. Analysis**

    **A.    Subject Matter Jurisdiction**

Defendants move to dismiss Plaintiff's amended complaint for lack of diversity jurisdiction, (ECF No. 9), which is the only basis of federal subject matter jurisdiction marked on the civil cover sheet that Plaintiff submitted, (ECF No. 1-2). Defendants argue that Defendant A&A is a Maryland corporation, and Plaintiff is a Maryland resident, thus complete diversity does not exist. (ECF No. 9, at 2–3). Plaintiff counters that diversity jurisdiction exists because there is no indication on Defendant A&A's property or in Defendant 7-Eleven, Inc.'s registered agent's files that A&A operates the 7-Eleven franchise in question rather than 7-Eleven, Inc., a Texas corporation. (ECF No. 16).

Defendants are correct that the court lacks diversity jurisdiction in this case. The parties must be completely diverse, as this court recently explained:

> Article III requires only minimal diversity, that is, diversity of citizenship between any two parties on opposite sides of an action, regardless of whether other parties may be co-citizens. *Saadeh v. Farouki*, 107 F.3d 52, 54 (D.C. Cir. 1997). To satisfy statutory diversity pursuant to 28 U.S.C. § 1332, however, a complaint must on its face allege complete diversity, "i.e., [] there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Shacht*, 524 U.S. 381, 388 (1998). "Constitutional power is merely the first hurdle that must be overcome in determining

6

> that a federal court has jurisdiction over a particular controversy. For the jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978). Thus, in order to exercise diversity jurisdiction, the parties must not only be minimally diverse in satisfaction of Article III, but also completely diverse in satisfaction of 28 U.S.C. § 1332.

*WG/Welch Mech. Contractors, LLC v. Int'l Assoc. of Sheet Metal, Air, Rail & Transp. Workers, Loc. Union 100*, 684 F.Supp.3d 432, 437 (D.Md. 2023) (quoting *Sandoval v. Doe No. 1*, 591 F.Supp.3d 7, 10 (E.D.N.C. 2022)). Here, Plaintiff is a Maryland resident, Defendant A&A is a Maryland corporation, and Defendant 7-Eleven, Inc. is a Texas corporation. Plaintiff and Defendant A&A's shared Maryland citizenship destroys complete diversity.

Plaintiff's arguments to the contrary are not successful. First, the parties' citizenship is an "objective matter," not dependent on the parties' subjective beliefs. *See Hager v. Gibson*, 108 F.3d 35, 41 (4th Cir. 1997). Therefore, whether Defendant A&A's 7-Eleven store *disclosed* Defendant A&A's ownership is irrelevant to the *fact* of Defendant A&A's ownership and the citizenship implications that necessarily follow. Second, Plaintiff's business entity search showing that 7-Eleven, Inc. is a Texas corporation is likewise irrelevant because 7-Eleven, Inc. does not own the 7-Eleven store. Although it is understandable

7

for Plaintiff to assume that 7-Eleven owns the store, that mere assumption cannot satisfy Plaintiff's burden of establishing diversity jurisdiction. Finally, Plaintiff appears to argue that diversity is not destroyed because "the defendant[] still conducts business under the 7-Eleven umbrella." (ECF No. 16, at 2). The franchisor and franchisee are separate entities, however, and may have different citizenship accordingly. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 173, 175 (4th Cir. 2007) (holding that the franchisor and franchisee were citizens of separate states, satisfying the complete diversity requirement). Defendant 7-Eleven, Inc.'s Texas citizenship has no effect on Defendant A&A's Maryland citizenship.

Even though diversity jurisdiction is absent, however, federal subject matter jurisdiction is still present because Plaintiff attempts to raise a claim under the ADA, supporting federal question jurisdiction, as the court noted in ECF No. 18. Under Fed.R.Civ.P. 8(a)(1), a plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction" in his complaint. "[C]ompliance with Rule 8(a)(1) is ascertained by looking at the entire complaint, not merely to what purports to be the jurisdictional statement." 5 Wright & Miller, Fed. Prac. & Proc. § 1206 (4th ed. 2025). Accordingly, the "court may sustain jurisdiction when an examination of the entire complaint reveals

a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader." *Id.* Given Plaintiff's *pro se* status and his explicit invocation of the ADA in his amended complaint, his misplaced reliance on diversity jurisdiction rather than federal question jurisdiction is excused.

Whether the court chooses to exercise supplemental jurisdiction over Plaintiff's discernible state claims hinges on the viability of Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction [when] . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[C]ourts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." (citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993))). Therefore, the court will first consider the viability of Plaintiff's federal claims.

    **B.   Failure to State a Claim**

Plaintiff raises an array of federal and state claims related to the cashier's alleged refusal to allow Plaintiff to use the restroom at the 7-Eleven store. Defendants' challenge to the merits of these claims was raised for the first time in their reply briefs, after the court noted probable federal question

jurisdiction under the ADA, (ECF No. 18, at 1). Plaintiff has had the opportunity to respond and filed a sur-reply, however, so there is no prejudice from the delay in raising the issue. On the merits, Defendants are correct that Plaintiff fails to state a claim under the ADA. Plaintiff's remaining federal claims, to the extent he makes them, are also facially deficient. Because Plaintiff's federal law claims are dismissed, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff appears to raise four distinct federal claims. First, he alleges that the "ADA . . . requires establishments that serve[] food and drink to provide access to [a] restroom." (ECF No. 4, at 1). He argues that Defendants "denied [him] access to [the] restroom for more than 30 minutes, making him keep his body fluid, causing a risk to body organ." (ECF No. 22, at 1). Second, he alleges that Defendants violated an ADA sign regulation requiring a bathroom sign by not posting such a sign. (ECF No. 4, at 4). Third, he argues that Defendants violated the Occupational Safety and Health Act (OSHA), which he believes "requires that businesses selling food, packages and [drinks] should shut down when [there is] no bathroom." (*Id.* at 3). He contends that "[t]he cashier said there is no bathroom," so "the store should stop operating." (*Id.*). Fourth, he asserts a threadbare claim of

10

racial discrimination, (*Id.* at 1), which could arise under Title II of the Civil Rights Act, 42 U.S.C. §§ 2000a to a-6.  He seeks three million dollars in damages for these and his state claims, two million from Defendant 7-Eleven, Inc. and one million from Defendant A&A.  (ECF No. 4, at 1).

Title III of the ADA bars discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Title III affords a private right of action to individuals who suffer the proscribed discrimination.  *Id.* § 12188(a)(1).  This private right of action authorizes only injunctive relief, not damages.  *See id.* (incorporating the remedies available in 42 U.S.C. § 2000a-3(a)); *see also Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401 (1968) (per curiam) (explaining that plaintiffs cannot recover damages under § 2000a-3(a)).[5]  Because Plaintiff seeks only damages, relief that the court cannot grant under the ADA's private right of action, his first ADA claim for damages must be dismissed for failure to state

---

[5] Monetary damages are available to plaintiffs only if the Attorney General brings an enforcement action and requests that the court grant such relief.  *See* 42 U.S.C. § 12188(b)(2)(B).

11

a claim.[6]  Fed.R.Civ.P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*[.]" (emphasis added)); *see Harley v. Chao*, 503 F.Supp.2d 763, 769 (M.D.N.C. 2007) (explaining that when the statute does not authorize the claim for the requested relief, dismissal for failure to state a claim is appropriate); *see also Fiorica v. Univ. of Rochester, Sch. of Nursing*, No. 07-cv-6232, 2008 WL 907371, at *2 (W.D.N.Y. Mar. 31,

---

[6] Several additional deficiencies doom Plaintiff's first ADA claim.  First, Plaintiff's disability is unclear.  The only possible disability Plaintiff alludes to is shy bladder, (ECF No. 4, at 1), elsewhere described as "a type of social phobia that makes it difficult to urinate in the presence of others," *Wilke v. Cole*, 630 Fed.App'x 615, 616 (7th Cir. 2015) (citing Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 300.23 (5th ed. 2013)).  Courts are split on whether shy bladder constitutes a disability under the ADA.  *See Konias v. PA Dep't of Corr.*, No. 19-cv-1530, 2021 WL 3773540, at *5 (W.D.Pa. Aug. 25, 2021) (collecting cases demonstrating the split).  Even if shy bladder does constitute a disability, however, Plaintiff appears to allege that the cashier's refusal to allow him to use the restroom *caused* Plaintiff's shy bladder, meaning that it caused him to be unable to urinate in a public restroom.  Plaintiff misunderstands the concept of shy bladder, which is the cause and not the effect of being unable to urinate in a public restroom. Under Plaintiff's belief, anyone suffers the disability of shy bladder when they need to use the restroom and are unable to do so.  That cannot be true.  Second, Plaintiff offers no evidence that staff at the 7-Eleven took any action on the basis of any possible disability Plaintiff has.  For these additional reasons, Plaintiff's first ADA claim fails.

2008) (collecting cases dismissing requests for monetary relief under Title III of the ADA for failure to state a claim).[7]

Plaintiff's second ADA claim regarding Defendants' alleged noncompliance with ADA sign regulations likewise fails. Plaintiff presumably refers to the signage requirements in the ADA Accessibility Guidelines. *See* 36 C.F.R. § 1191 app. B § 216. Again, however, Title III of the ADA only permits injunctive relief, which Plaintiff does not seek. The claim will be dismissed.[8]

Finally, Plaintiff's OSHA and racial discrimination claims are no more successful. The OSHA claim fails because Plaintiff is not an employee of 7-Eleven, Inc. or A&A, nor does OSHA even provide a private right of action to individuals who *are* employees. *Scarborough v. Aegis Commc'ns Grp., Inc.*, 217 F.3d 840, 2000 WL 790965, at *1 (4th Cir. June 20, 2000) (unpublished table decision) ("[T]here is no private right of action under OSHA." (citing

---

[7] Although Defendant A&A is likely correct that Plaintiff lacks standing to seek injunctive relief because he has alleged no threat of future harm, Plaintiff does not seek such relief. Therefore, the court need not consider the standing issue further.

[8] Even assuming *arguendo* that Defendants failed to comply with these requirements, Plaintiff does not allege that the lack of restroom signage in any way relates to his disability. *See Parr v. L & L Drive-Inn Rest.*, 96 F.Supp.2d 1065, 1082–83 (D.Haw. 2000) (dismissing ADA claim by mobility-impaired individual who alleged braille signage violations because the violation was unrelated to the plaintiff's disability).

13

*Elliott v. S.D. Warren Co.*, 134 F.3d 1, 4 (1st Cir. 1998))). Next, the Civil Rights Act racial discrimination claim fails because Plaintiff has pleaded no facts to support the contention that the cashier denied Plaintiff access to the restroom on the basis of his race, such as a racially hostile comment or evidence that the cashier permitted someone similarly situated of another race to use the restroom. *See, e.g.*, *McGill v. Koros, LLC*, No. 20-cv-3191-BPG, 2023 WL 2664229, at *5–7 (D.Md. Mar. 28, 2023) (denying the plaintiff's claim of racial discrimination under Title II of the Civil Rights Act for failure to produce either direct or indirect evidence of such discrimination). Moreover, the private right of action under Title II of the Civil Rights Act is limited to injunctive relief, 42 U.S.C. § 2000a-3(a), which Plaintiff does not seek. As with his ADA claims, then, Plaintiff's racial discrimination claim is deficient.

In short, Plaintiff does not state a claim for relief under the ADA, OSHA, or Civil Rights Act against Defendant A&A, therefore all his federal claims against A&A will be dismissed. Additionally, the only plausible theory on which Plaintiff could hold Defendant 7-Eleven, Inc. liable is one of vicarious liability. *See, e.g.*, *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 883–84 (D.Md. 2016) (reviewing the law governing the vicarious liability of a franchisor for the acts and omissions of the

franchisee). Given that A&A is not liable on any federal claim Plaintiff asserts, 7-Eleven, Inc. necessarily is not vicariously liable on those same federal claims. Therefore, the federal claims asserted against Defendant 7-Eleven, Inc. will also be dismissed.

### C. Declining Supplemental Jurisdiction

Returning to the question of supplemental jurisdiction over Plaintiff's state law claims, the absence of any remaining claims over which the court has original jurisdiction counsels against exercising supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The court will therefore decline to do so and dismiss Plaintiff's state claims without prejudice.

## IV. Conclusion

For the foregoing reasons, A&A and 7-Eleven, Inc.'s motion to dismiss will be granted. A separate order will follow.

>                    /s/
> DEBORAH K. CHASANOW
> United States District Judge